Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Honorable Bill M. White Criminal District Attorney Bexar County Courthouse San Antonio, Texas 78205
Re: Bid procedures for county contracts
Gentlemen:
Both of you have asked questions concerning articles 1659a and 2368a, V.T.C.S. Article 1659a imposes certain competitive bidding requirements upon counties with a population in excess of 900,000. Both Bexar and Harris County have populations in excess of this figure. Article 2368a imposes another set of bidding requirements upon all counties. You essentially ask: If a county which intends to make a purchase or enter into a contract determines that both statutes are applicable, to which statute should it adhere? Since you do not inquire about a particular product, we will answer your question in general terms. We point out that other statutes may apply to certain purchases. See Attorney General Opinion MW-439 (1982).
Article 1659a provides that counties with a population in excess of 900,000 must, unless an emergency exists, take bids on:
 supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions.
See also V.T.C.S. arts. 1659; 1659b. Article 2368a provides in part:
 Sec. 2. (a) No county, acting through its Commissioners Court . . . shall [unless one of the specified exceptions applies] hereafter make any contract calling for or requiring an expenditure or payment in an amount exceeding . . . ($5,000.00) out of any fund . . . without first submitting such proposed contract to competitive bids.
Both statutes then set forth bidding procedures which differ in some respects.
Two briefs were submitted to this office in connection with these opinion requests. Both conclude that articles 1659a and 2368a conflict and that one statute must therefore control the other, although they disagree as to which one controls. One brief also suggests that article 2368a should be construed narrowly, as applying only to `contracts for public works and the machinery used therefor.' The thrust of this argument appears to be that a narrow construction of article 2368a will prevent any conflict with article 1659a, because neither statute will apply to any time covered by the other. We will consider each of these arguments.
Patten v. Concho County, 196 S.W.2d 833
(Tex.Civ.App.-Austin 1946, no writ), is offered as authority for narrow construction of article 2368a proposed above. This case does construe the statute in this manner. When Patten was decided, however, article 2368a provided that no county could enter into a contract `for the construction of any public building, or the prosecution and completion of any public works' without taking bids. Now, the statute applies, with certain exceptions, to `any' contract in excess of $5,000.00. Since the language upon which the Patten court relied to reach its conclusion is no longer present, we believe the court's construction of the former statute is no longer apposite. We also note that other language in the statute, i.e., the statement in section 2(b) that `if the contract is for the construction of public works, then . . .' (emphasis added), and the reference in section 2a to `materials, equipment and supplies,' clearly points to the conclusion that the statute is not now applicable only to contracts `for public works and and machinery used therefor.'
As to the relationship between articles 1659a and 2368a, it is argued in one brief that article 2368a now constitutes the entire body of law governing counties in the area of competitive bidding, and that it impliedly repeals article 1659a. This argument runs as follows: Prior to 1979, article 2368a applied only to counties with a population of 350,000 or less. In 1979, however, the legislature removed the population limit, Acts 1979, Sixty-sixth Legislature, chapter 770, at 1901; see Attorney General Opinion MW-139 (1980), thus making the statute applicable to all counties. This action, it is asserted, must be interpreted as evidence of the legislature's intent to make article 2368a represent all of the competitive bidding law to which counties would be subject when entering into contracts.
In response, we first note that our courts do not favor repeals of statutes by implication. Hines v. State,515 S.W.2d 670 (Tex.Crim.App. 1974); Wintermann v. McDonald, 102 S.W.2d 167 (Tex. 1937). In Motor Investment Company v. City of Hamlin, 179 S.W.2d 278, 281
(Tex. 1944), the Texas Supreme Court quoted from Texas Jurisprudence as follows:
 `Where it is apparent that a statute is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that is provisions are revised and its field freshly covered. . . . If the later act is Clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions.' (Emphasis added).
The difficulty with the argument advanced above is that in 1981, the legislature amended article 1659a by raising its population limit to 900,000. Acts 1981, 67th leg., ch. 237, at 564. In our opinion, this action undermines the contention that article 2368a was intended to `embrace all the law on the subject with which it deals' and that it was `evidently intended as a substitute for' article 1659a. The legislature would not have concerned itself with article 1659a in 1981 if it did not think the statute was, and intend for it to be, effective. We therefore reject the notion that when the legislature amended article 2368a in 1979, it impliedly repealed article 1659a.
The other argument advanced in the briefs is that articles 1659a and 2368a are repugnant, that they cannot be reconciled, and that one therefore controls the other. We also reject this argument.
In Brown v. Patterson, 609 S.W.2d 287, 289-90
(Tex.Civ.App.-Dallas 1980, no writ), the court summarized the rules that are applicable here:
 When two statutes are alleged to be in conflict, additional principles come into play. If there is a clear conflict, the later expression of legislative intent controls, and to that extent the later statute will be held to have repealed the earlier statute . . . . Repeals by implication, however, are not favored, and, if there is no positive repugnance between the two [statutes], they will be harmonized so as to give effect to both . . . . Two statutes dealing with the same subject matter, though enacted at different legislative sessions will be construed together and their provisions harmonized to the extent possible. (Emphasis added) (Citations omitted).
We do not believe articles 1659a and 2368a are so repugnant that one or the other can be regarded as having been repealed by implication. At worst, they are in some instances duplicative. In our opinion, the two statutes can be reconciled, and effect can be given to both.
For the most part, articles 1659a and 2368a are complementary. In some instances, however, they set forth different requirements relating to the same subject. For example, article 1659a requires advertisements for bids to be published `once each week for two (2) successive weeks in a daily newspaper published and circulated in the county,' whereas article 2368a requires `[n]otice of the time and place when and where such contracts shall be let' to be `published in such county . . . once a week for two (2) consecutive weeks prior to the time set for letting such contract, the date of the first publication to be at least fourteen (14) days prior to the date set for letting said contract.' V.T.C.S. art. 2368a, § 2(b). Article 1659a also contains some requirements that are more detailed than those in article 2368a, i.e., the requirement that advertisements must indicate where specifications are to be found, and the time and place for receiving bids, that bids must be publicly opened on the appointed day and time, and that bids may be secured by check or bond.
When a county of over 900,000 population intends to enter into a particular contract, its first task will be to determine whether, given all provisions and exceptions, articles 1659a and 2368a are both applicable. If they are, and either statute imposes a requirement in an area which is not dealt with by the other, the county must comply with that requirement, regardless of which statute imposes it. Where both statutes impose requirements relating to the same subject, however, i.e., advertising for bids, we believe the provisions of article 1659a would control. Statutes in pari materia must be `harmonized and given effect with the special governing the general in the event of any conflict.' Hines v. State, supra at 675. In our opinion, as between articles 1659a and 2368a, the former is clearly the `special' statute.
Mr. Driscoll also asks whether article 2368a applies where the county intends to lease either real or personal property. Article 2368a provides that `any' contract in excess of $5,000.00 must be made on competitive bids. There is no express exception in the statute for lease contracts.
Section 2(b) of article 2368a does, however, provide that:
 Provided . . . as to contracts for . . . the purchase of land and right-of-way for authorized needs and purposes, the provisions hereof requiring competitive bids shall not apply and in such cases the notice herein provided shall be given but only with respect to an intention to issue time warrants with right of referendum as contemplated in Sections 3 and 4 hereof respectively. (Emphasis added).
This exception, which makes the article 2368a bidding requirements inapplicable to contracts for the `purchase of land,' should in our opinion be construed to include acquisitions of real property by lease. We do not believe the legislature intended to draw a distinction between contracts for the purchase of land and contracts for the lease of land. In particular, where a long term lease is involved, a lease of real property is for many purposes equivalent to a purchase of real property. See, e.g., Attorney General Opinion H-655 (1975); H-403 (1974).
We therefore conclude that contracts for the lease of real property are not subject to the article 2368a bidding requirements, but that contracts in excess of $5,000.00 for the lease of personal property are subject to those requirements.
 SUMMARY
Where articles 1659a and 2368a, V.T.C.S., are both applicable, a county should follow the requirements of both statutes. Where a conflict between the two exists, article 1659a controls. Contracts for leases of personal property, but not real property, are within the ambit of article 2368a.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General